IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LEROY TIMMONS,

               Plaintiff,

      v.

LOCAL #415 ATLANTIC CITY, NEW
JERSEY,

               Defendant.

Civil No. 17-6157 (RMB/KMW)

**MEMORANDUM OPINION**

**BUMB, District Judge:**

Plaintiff <u>pro se</u> LeRoy Timmons (hereinafter "Plaintiff")
filed this suit against Defendant Local #415 Atlantic City, New
Jersey under the Employee Retirement Income Security Act, 29 U.S.C.
§ 1001, et seq., (hereinafter "ERISA") alleging that Plaintiff has
not been paid pension benefits to which he is entitled. Since
Plaintiff seeks to bring this action <u>in forma pauperis</u>, the Court
has an obligation to screen the Complaint under 28 U.S.C.
§ 1915(e)(2). The Court finds as follows:

1.   **Background and Standard of Review.** Plaintiff filed the
instant Complaint with an application to proceed <u>in forma paupuris</u>.
[Docket Item 1.] Based on the information in Plaintiff's financial
affidavit, his application to file this matter without prepayment
of fees was granted by the Court on August 17, 2017 pursuant to 28
U.S.C. § 1915. [Docket Item 3.] The Complaint was filed with the

Clerk of Court, though the Clerk was not directed to issue a summons at that time. [Id.]

2.    Where a Complaint is filed in forma pauperis under 28 U.S.C. § 1915, the assigned Judge must review the Complaint to determine whether the case may proceed. Pursuant to Section 1915(e)(2)(B), the Court, upon a preliminary screening, "shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court also has "a continuing obligation to assess its subject matter jurisdiction" and may "dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). The Court draws the facts of this case from the Complaint and, for the purposes of this screening, accepts the factual allegations therein as true.

3.    Pleadings by a person unrepresented by an attorney are to be construed liberally, but "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, any complaint must serve the function of presenting a statement of the grounds upon which relief is sought, which includes alleging facts such as the place and approximate

dates of the alleged misconduct on which the claim is based and other facts that would make the claim plausible.

4.    In the present case, the Complaint asserts that Plaintiff is entitled to certain pension payments from Defendant. (Compl. at 3-4.) Plaintiff avers that he was employed by Defendant for 28 years, but that his employment records were destroyed in a fire at Defendant's place of business. (Id.) Plaintiff seeks $539,000 in damages (Id. at 4.)

5.    On August 21, 2017, the Court granted Plaintiff's request to proceed in forma pauperis, but simultaneously filed a letter indicating that the Complaint appears to be time-barred. (Order [Docket Item 3]; Letter [Docket Item 2].) Specifically, the Court's letter to Plaintiff stated:

> it appears from your Complaint that it may be
> too late for you to file this case; that is,
> that your claim under the E.R.I.S.A. statute
> may be time-barred. According to your
> Complaint, your claim arose on November 7,
> 2009. Normally, an E.R.I.S.A. claim that a
> defendant has breached its fiduciary duties to
> an employee benefit plan must be brought
> within six years of "the date of the last
> action which constituted a part of the breach
> or violation." See Section 413 of E.R.I.S.A.,
> 29 U.S.C. § 1113. However, Section 413 also
> contains an exception to this rule: "In the
> case of fraud or concealment, such action may
> be commenced not later than six years after
> the date of discovery of such breach or
> violation." In other words, if you knew on
> November 7, 2009 that the defendant denied
> your pension benefit request, you had six
> years to bring a lawsuit about it under
> Section 413 of E.R.I.S.A. The time for

bringing this case would have expired on November 7, 2015 if you knew of the breach or violation on the initial date. On the other hand, if an E.R.I.S.A. fiduciary has concealed a breach of its duties, the six year statute of limitations period is tolled (that is, the clock stops) until the plaintiff should have discovered, or did discover, the breach. This ability to stop the clock depends upon demonstrating that the defendant has acted affirmatively to conceal the alleged wrongdoing. <u>Ranke v. Sanofi-Synthelabo</u>, Inc., 436 F.3d 197, 204 (3d Cir. 2006).

Your present Complaint does not allege that the defendant affirmatively concealed any wrongdoing. Instead, you have alleged that a fire destroyed the union hall and the records that were in it.

If your Complaint is not a fiduciary claim under 29 U.S.C. § 1113, then the Court must apply the statute of limitations of the State claim that is most analogous to the E.R.I.S.A. claim that you are pursuing. In that event, the Court would apply New Jersey's six year statute of limitations that governs contract claims. N.J.S.A. § 2A:14-1. Again, under the State of New Jersey's six-year limitation upon filing suit, your case would appear to be time-barred after November 7, 2015.

If you are able to explain why this case is not filed too late, then I would like to give you an opportunity to do so at this time. You are requested to send to the Clerk of Court a letter containing any additional information that could demonstrate that the statute of limitations period had not expired before your case was filed. Please submit your letter within 14 days, and be sure to include the name of your case and the docket number. If you need more time, then please write to the Clerk of Court within this 14-day period explaining your need for more time to make this submission.

> If you do not respond within 14 days from the
> date this letter is filed with the Clerk of
> Court, then I will assume that you have no
> further information and that your case is
> untimely. If it is untimely, then it must be
> dismissed and not allowed to proceed.

(Letter [Docket Item 2], 1-2.)

6. Plaintiff did not respond to the Court's letter until February 5, 2018, though he has subsequently filed numerous supplemental submissions on the docket. (See Letter [Docket Item 4]; Submissions [Docket Item 5]; Submissions [Docket Item 6]; Letter [Docket Item 7]; Letters [Docket Item 8]; Briefs [Docket Item 9]; Brief [Docket Item 10]; Letter [Docket Item 11]; Letter [Docket Item 12].) However, none of these supplemental materials has responded to the Court's specific inquiry. (See id.) None of Plaintiff's supplemental submissions allege that Defendant concealed any wrongdoing, nor do any of the supplemental submissions allege any other reason that Plaintiff's claims are not time-barred. (See id.)

7. Therefore, Plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted. The Complaint alleges that Plaintiff has been entitled to benefits from Defendant since November 7, 2009. Under ERISA and in the absence of any allegation that Defendant affirmatively concealed its own wrongdoing, claims that Defendant breached its fiduciary duties to an employee benefit plan must be brought within six years

of "the date of the last action which constituted a part of the breach or violation." <u>See</u> Section 413 of E.R.I.S.A., 29 U.S.C. § 1113. As the Court previously noted, the time for bringing this case expired on November 7, 2015. (<u>See</u> Letter [Docket Item 2], 2.)

8. For the foregoing reasons, the Complaint will be dismissed for failure to state a claim upon which relief may be granted. An accompanying Order shall be entered.

___August 13, 2019___
Date

_____
**RENÉE MARIE BUMB**
**United States District Judge**